[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of New London at Norwich.
 Date of Sentence: March 27, 1986 Date of Application: March 27, 1986 Date Application Filed: March 27, 1986 Date of Decision: April 25, 2000
Docket No. CR 21-20169. CT Page 5085-io
James J. Ruane Defense Counsel, for Petitioner
Lawrence Tytla Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION:
The petitioner, following a trial to a three judge panel, was convicted of Capital Felony Murder (53a-54b(8) (Murder of two or more persons at the same time or in the course of a single transaction); one count of Murder (in the death of one of the two persons murdered at the time (§ 53a-54a) and sexual assault 2nd degree (§ 53a-71).
The penalty phase was tried to a jury which deadlocked on the existence of a mitigating factor. The trial court thereupon dismissed the jury and sentenced the petitioner to two consecutive terms of life imprisonment, one each for the murder and capital felony convictions and to a consecutive term often years for the sexual assault conviction. The total effective sentence was 130 years. There were several rounds of post-conviction appeals, the issues of which are not germane to sentence review. Finally, in Daniels v. Warden, 932 F.2d 102 (2nd Cir. 1991), the Second Circuit Court decided the State of Connecticut could impose consecutive life sentences for each murder and directed the Connecticut court that, (if it wished to impose such a sentence) it would have to vacate either the capital felony conviction or the murder conviction of one victim, Christine Whipple. In the alternative the Connecticut court could reduce the capital felony conviction for the murder of the second victim, Amy Russell, leaving the murder conviction for Whipple standing and then resentence the petitioner for Amy Russell's murder. In sum, it held the State of Connecticut could cure an existing double jeopardy problem by resentencing the petitioner in one of these alternative ways.
The petitioner was ultimately resentenced in 1991 to consecutive life terms (60 years each) for two counts of murder, and to a consecutive ten year term for the sexual assault. Again, the total effective sentence was 130 years.
The basic facts underlying the convictions are reported in State v.Daniels, 207 Conn. 374, 378-79 (1988), and are:
 On June 16, 1984, the day of the murders, the victim, Christine Whipple, shared a two bedroom apartment with CT Page 5085-ip Mary Strong on Peck Street in Norwich. Christine and her three year old daughter, Amy Russell, normally slept in one bedroom while Mary slept in the other. During May and early June, Mary had dated and had sexual relations with the defendant, but approximately one week before the day of the murders she had broken up with him. On the afternoon of June 15, she had spoken to the defendant on the phone, telling him she would call him later. Soon thereafter, she went out on a date from which she returned in the early morning hours. At approximately 1 a.m., the defendant, looking for Mary, arrived at the apartment. Having been admitted by Christine, the defendant refused to comply with her request that he leave. An argument and then a physical struggle ensued. Christine broke away and ran into her bedroom, where the defendant followed her. He pulled out a knife, which he had concealed in his sock, and stabbed her several times in the chest. She fell on the bed while he continued to stab her. Amy awoke screaming, "Mommy, Mommy." The defendant grabbed the child by the neck in an attempt to strangle her and then slit her throat. Upon hearing gurgling noises from Christine, he removed her panties and had sexual intercourse with her, stabbing her again afterwards. He then proceed to remove and destroy evidence linking him with the crimes. (In his statement to the police, when he realized he made a mistake attempting to make his attack of Whipple look like a rape, he had to "clean her out so it wouldn't look like a rape." He took a shampoo bottle, filled it with water and pushed it into her vagina, succeeding on the second attempt.)
In his arguments to this Division his attorney posits that the imposition of two life sentences was illegal. In the alternative, he argues that the sentence should be reduced as being overly severe.
We fail to see the illegality of the sentence. It is apparent, as the state's attorney argues, the legal issues were litigated up to the Second Circuit Court of Appeals, which affirmed the imposition of consecutive life sentences with orders as to how to procedurally do so. The Connecticut Superior Court then, in 1991; resentenced the petitioner in accordance with the remand (and no appeal was taken from that resentencing). CT Page 5085-iq
As for the appropriateness of the sentence, this Division is empowered to reduce a sentence only if it is inappropriate or disproportionate in light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended (Practice Book § 43-28).
In imposing the sentences in this case, the Court noted that it was shocked by the brutality of these crimes and that it intended for the petitioner to be incarcerated for as long as possible.
It is equally clear to this review panel that a person who is capable of such monstrous crimes is too dangerous to live in a free society. It is also noted that he has a record of explosive and violent behavior, with convictions for "entering without breaking" into a private residence in Michigan; for assault (involving his wife and his sister) in Ohio; for "felonious assault" in Michigan; for breaking and entering in Michigan; for escape from prison in Michigan. He was released on parole in Michigan on May 21, 1984 and these crimes occurred on June 16, 1984.
This sentence was appropriate and not disproportionate. A modification is not warranted.
Klaczak, Norko and Miano, J.s, participated in this decision.